IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHARLES W. BIRKS,

        Plaintiff,

v.                                CIVIL ACTION NO. 2:07-cv-00742

KEITH F. PARK et al.,

        Defendants.

**MEMORANDUM AND ORDER**

Pending is the defendant's motion to dismiss (Docket 6).

This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation ("PF&R") for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). On July 8, 2008, the Magistrate Judge submitted proposed findings of fact and recommended that due to lack of venue in this district, and pursuant to 28 U. S. C. §1404(a), this action be transferred to the Southern District of Texas, Houston Division, and the defendants' motion be denied without prejudice. The Magistrate Judge further recommended that this court should not determine whether the Southern District of Texas has personal jurisdiction over the Regents, a defendant in this action. Deficiencies in the plaintiff's complaint were recommended to be addressed by the court with jurisdiction over the action. On July 18, 2008, the plaintiff filed objections to the Magistrate Judge's PF&R.

**Statement of Facts**

The plaintiff, Charles W. Birks, proceeding *pro se*, filed a complaint on November 19, 2007, alleging he is the victim of legal malpractice and fraud in violation of federal law. His claims arise out of the settlement of a securities class action filed in 2002 in which the plaintiff was a member. The Honorable Sim Lake, United States District Judge for the Southern District of Texas, Houston Division, handled the class action styled *In Re: Dynegy, Inc. Securities Litigation* in which Dynegy, a Texas-domiciled corporation, and others allegedly violated federal securities laws. The Regents of the University of California ("Regents") were appointed as the Lead Plaintiff. Coughlin, Stoia, Geller, Rudman & Robbins ("Law Firm") was appointed as Lead Counsel.

The plaintiff alleges that the Law Firm and Keith F. Park, a member of the Law Firm, committed malpractice and they, along with the Regents, committed fraud. The allegations center around documents mailed to him as part of the settlement which he claims were false and fraudulent in that he was misled as to his potential versus actual recovery of losses. He also argues that the Regents received something of value which other members of the class did not receive when they were appointed two seats on the board of Dynegy, Inc. and this fact was allegedly concealed in the settlement documents. He alleges he could not and did not make a fully informed decision concerning his participation in the class without these facts and he was precluded from opting out of the class at the time he was made aware of this information. He further contends that the appointment of the two board seats led to a reduction in the settlement fund and thus restitution to shareholders in the class was adversely affected.

The defendants filed a motion to dismiss citing four grounds: (1) this court lacks personal jurisdiction over the Regents; (2) this court lacks subject matter jurisdiction; (3) venue is improper in this District; and (4) the complaint fails to comply with Rules 9(b) and 10(b) of the Federal Rules

of Civil Procedure. The plaintiff responded in opposition and the defendants filed a reply. The plaintiff, without leave of court, filed a reply which the court considered in fairness to the plaintiff as a *pro se* litigant.

**Analysis**

The plaintiff's numerous and lengthy objections to the PF&R commingle "evidence" and further argument as to the causes of action in his complaint with limited rebuttal of the Magistrate Judge's findings on the key issues of jurisdiction and venue. The plaintiff has not proffered any further argument which persuades this court from agreement with the Magistrate Judge's conclusion that transfer of this action to the Southern District of Texas, Houston Division, is the most proper course of action at this time.

The plaintiff's reiterates that his causes of action are not in and of themselves a revisitation of the settlement itself. Given, however, that his allegations of malpractice and fraud on behalf of the lead counsel and lead plaintiff relate to actions intertwined with the timing, terms and material contents of settlement documents, the settlement itself is inextricably involved. The July 8, 2005, Order and Final Judgment entered by Judge Lake contains the following pertinent provision:

> 14. Without affecting this Order and Final Judgment's finality in any way, this Court hereby retains continuing jurisdiction over: (I) this Settlement's implementation and any award or distribution of the Settlement Fund, including interest earned thereon; (ii) the Settlement Fund's disposition; (iii) all Parties for the purpose of construing, enforcing and administering the Stipulation and the releases contained therein; (iv) hearing and determining applications by Plaintiffs' Counsel for attorneys' fees, costs, expenses, including expert fees and costs, and interest; (v) hearing and ruling on any proposed plan of distribution of settlement proceeds; (vi) the Action until the Order and Final Judgment has become effective and each and every act agreed to be performed by the Parties has been performed under the Stipulation.

(Motion, Ex. 1 at 6).

In sum, this provision may contemplate continuing jurisdiction over the allegations in the plaintiff's complaint. The better course of action is to allow Judge Lake to make that determination in the first instance. If this action is beyond the scope of Judge Lake's order it may be re-transferred to this court for further proceedings.

## Conclusion

In accordance with the above discussion, the court adopts and incorporates herein the Magistrate Judge's proposed findings of fact and recommendation and **ORDERS** as follows:

(1) that this action be transferred to the Southern District of Texas, Houston Division; and

(2) that the defendant's motion to dismiss is **DENIED** without prejudice.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                      ENTER:      August 19, 2008

                                        Joseph R. Goodwin, Chief Judge