IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES W. BIRKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-08-2702 |
| KEITH F. PARK, COUGHLIN STOIA | § | |
| GELLER RUDMAN & ROBBINS, LLP, | § | |
| and REGENTS OF THE UNIVERSITY | § | |
| OF CALIFORNIA, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff, Charles W. Birks, brings this action pro se against defendants, Keith F. Park, Coughlin Stoia Geller Rudman & Robbins, LLP, and Regents of the University of California, alleging that he is the victim of fraud and legal malpractice in violation of federal law. Pending before the court is Defendants' Motion for Judgment on the Pleadings (Docket Entry No. 39) urged pursuant to Federal Rule of Civil Procedure 12(c). For the reasons explained below, defendants' motion will be granted and this action will be dismissed.

### I. Factual and Procedural Background

The claims for fraud and legal malpractice alleged in this action arise from orders entered by this court in a securities

class action brought by investors in Dynegy, Inc., Civil Action
No. H-02-1571, In re Dynegy Inc. Securities Litigation (Dynegy
Securities Litigation).   Plaintiff was a member of the class of
investors on whose behalf the Dynegy Securities Litigation was
brought.   This court appointed defendant, the Regents of the
University of California (the Regents), to serve as Lead Plaintiff,
and the predecessor of defendant, Coughlin, Stoia, Geller, Rudman &
Robbins, LLP (Coughlin Stoia), to serve as Lead Counsel in the
Dynegy Securities Litigation.[1]   Defendant, Keith Park, was one of
the attorneys who represented the class.   By Stipulation and
Agreement of Settlement dated April 29, 2005, the parties to the
Dynegy Securities Litigation sought approval of a proposed
settlement for a total of approximately $473 million in cash and
Dynegy stock plus corporate governance measures.[2]   Following notice

---

[1]By Order filed June 28, 2002, the court appointed the Regents
as Lead Plaintiff and appointed William S. Lerach of the law firm
of Milberg Weiss Bershad Hayes & Lerach, LLP as Lead Counsel.  Lead
Counsel subsequently changed their law firm affiliation to Lerach
Coughlin Stoia Geller Rudman & Robbins LLP, the predecessor of the
law firm named as a defendant in this action.   See Notice of
Pendency and Settlement of Class Action, Hearing on Proposed
Settlement and Attorneys' Fee Petition and Right to Share in
Settlement Fund, Exhibit J attached to Defendants' Motion for
Judgment on the Pleadings, Docket Entry No. 39, p. 13 § III.C.

[2]See Stipulation and Agreement of Settlement, Exhibit 1
attached to Joint Motion for Approval of Proposed Settlement,
Docket Entry No. 662 in Civil Action No. H-02-1571.

to the class members,[3] and opportunity for the class members to be
heard,[4] the court approved the proposed settlement.[5]

Plaintiff submitted a Proof of Claim to share in the
distribution of the Settlement Fund.[6]  Plaintiff alleges that the
Claims Administrator, Gilardi & Co., LLC, calculated his claim for
losses as $71,646.96, but that because the losses of class members
who filed claims exceed the $473 million Settlement Fund, plaintiff
received and accepted approximately $15,000, or about 21% of his
claim.[7]  Describing the claims asserted in his complaint "as a
malpractice and fraud issue and not a revisitation of the original
case against Dynegy,"[8] plaintiff filed suit in the Southern

---

[3]See Notice of Pendency and Settlement of Class Action,
Hearing on Proposed Settlement and Attorneys' Fee Petition and
Right to Share in Settlement Fund (Notice of Pendency and
Settlement of Class Action), Plaintiff's Exhibit 17 included in
Docket Entry No. 9, Exhibit J attached to Defendants' Motion for
Judgment on the Pleadings, Docket Entry No. 39.

[4]See Minute Entry Order from Settlement Conference held on
July 7, 2005, Docket Entry No. 684 in Civil Action No. H-02-1571.

[5]See Order and Final Judgment, Exhibit A attached to
Defendants' Motion for Judgment on the Pleadings, Docket Entry
No. 39.

[6]See Complaint for Malpractice and Fraud in Violation of
Federal Law, Docket Entry No. 1, p. 2.  See also Proof of Claim and
Release submitted by Charles Birks, Plaintiff's Exhibit 18 included
in Docket Entry No. 9, and Exhibit B attached to Defendants' Motion
for Judgment on the Pleadings, Docket Entry No. 39.

[7]See Complaint for Malpractice and Fraud in Violation of
Federal Law, Docket Entry No. 1, p. 2.

[8]Id. at 3.

District of West Virginia alleging that "materially false representations were made to . . . [him] as to the Settlement Amount to be received and then only a deminimus [sic] portion was actually paid of that specific agreeable amount,"[9] that "he was intentionally misled as to the amount receivable within the time frame necessary to break-away from the Class-Settlement and pursue an action in the Plaintiff's sole interest against Dynegy, Inc.,"[10] and that "no realistic disclosure was made that restitution of the over $100,000 . . . actually lost by the Plaintiff or the size of the total Dollar claims against the Settlement Amount would result in the approximately $15,000 actually received."[11]  Plaintiff also alleges that he

> is offended by the untoward aspect of the Dynegy Settlement as negotiated by Mr. Park's firm in separate favor for The Regents; wherein, two seats on the Dynegy Board of Directors were ceded to The Regents control. The Plaintiff maintains this "sweet-heart" deal was negotiated in the sole interests of the various above named Defendants and diminished the remainder of the Class's (including the Plaintiff's) opportunity to receive nearer-to-actual restitution.  That settlement provision of two Board Seats referred to on page 23 of the 125 page (website copy) Stipulation in Settlement of the suit as "Corporate Governance" was not published to the Class-Membership to consider at any time and would have been of significant importance to the Plaintiff when weighing either the agreeable Proposed Settlement or particulars of the Claims-Form.  The existence of that disparate, additional settlement, in the Plaintiff's

---

[9] Id. at 1.

[10] Id. at 2.

[11] Id.

opinion, IS INTENTIONALLY CONCEALED within the last paragraph of the Proposed Settlement as sent to the Class; wherein, that document is described as a "Notice" and not in full description of all the (multitudinous minutia) details of the remote Stipulation in Settlement.[12]

On February 19, 2008, the defendants moved to dismiss the action in the Southern District of West Virginia, arguing that (1) the West Virginia court lacked personal jurisdiction over the Regents, (2) the West Virginia court lacked subject matter jurisdiction, (3) venue was improper in the Southern District of West Virginia, and (4) the plaintiff's complaint failed to comply with Federal Rules of Civil Procedure 9(b) and 10(b).[13]   In the memorandum of law submitted to the West Virginia court in Support of their motion to dismiss, the defendants argued that

> [i]n the alternative to dismissing Plaintiff's case altogether, Defendants request that if the Court deems venue to be improper in the Southern District of West Virginia, that it transfer the case to either the United States District Court for the Southern District of Texas, Houston Division, where the Dynegy, Inc. Securities Litigation occurred, and where Judge Lake reserved jurisdiction, or a District in California where the Defendant Law Firm or Defendant Regents is domiciled.[14]

Recognizing that plaintiff's allegations "center around documents mailed to him as part of the settlement which he claims were false and fraudulent in that he was misled as to his potential

---

[12]_Id._ (emphasis in original).

[13]See Motion to Dismiss, Docket Entry No. 6.

[14]Memorandum of Law in Support of Defendants' Motion to Dismiss, Docket Entry No. 7, p. 7.

versus actual recovery of losses,"[15] and "relate to actions intertwined with the timing, terms and material contents of settlement documents,"[16] the Southern District of West Virginia court concluded that plaintiff's claims were "inextricably involved"[17] with the settlement of the Dynegy Securities Litigation. Citing the provision for continuing jurisdiction included in the Order and Final Judgment entered in the Dynegy Securities Litigation, the court in the Southern District of West Virginia concluded that

> this provision may contemplate continuing jurisdiction over the allegations in the plaintiff's complaint. The better course of action is to allow Judge Lake to make that determination in the first instance. If this action is beyond the scope of Judge Lake's order it may be re-transferred to this court for further proceedings.[18]

Upon transfer to the Southern District of Texas this action was randomly assigned to the Honorable Vanessa Gilmore. Asserting that plaintiff's claims represent a collateral attack on the orders and judgment entered in the Dynegy Securities Litigation, defendants moved to transfer this action to this court.[19] Pursuant

---

[15]See Memorandum and Order, Docket Entry No. 20, p. 2. This Memorandum and Order is also Exhibit C attached to Defendants' Motion for Judgment on the Pleadings, Docket Entry No. 39, p. 2.

[16]Id. at 3.

[17]Id.

[18]Id. at 4.

[19]See Notice of Related Litigation and Motion to Transfer Case to Judge Sim Lake, Docket Entry No. 27, and Exhibit D attached to Defendants' Motion for Judgment on the Pleadings, Docket Entry No. 39.

to defendants' submission of a Certificate of Conference on
Unopposed Motion to Transfer stating that plaintiff did not oppose
transfer from Judge Gilmore's court to this court,[20] this action was
transferred to this court.[21]

## II.  **Continuing Jurisdiction**

Asserting that "[the] interpretation of . . . [the] so-called
'Continuing Jurisdiction Provision' (CJP) is what has brought
Plaintiff to Texas where Defendants hope to embroil the Plaintiff
in a conflict with The Court over its prior judgments,"[22] plaintiff
argues that this court should interpret the CJP and return this
action to the Southern District of West Virginia because his claims
do not constitute a collateral attack on the settlement of the
Dynegy Securities Litigation.[23]  Analysis of the CJP included in the
Order and Final Judgment entered in the Dynegy Securities
Litigation leads the court to conclude that plaintiff's claims fall
within the continuing jurisdiction of this court to guard the
integrity of the court's prior rulings and to enforce the orders
entered in the Dynegy Securities Litigation.

---

[20]Docket Entry No. 31 and Exhibit E attached to Defendants'
Motion for Judgment on the Pleadings, Docket Entry No. 39.

[21]Docket Entry No. 32 and Exhibit F attached to Defendants'
Motion for Judgment on the Pleadings, Docket Entry No. 39.

[22]Plaintiff's Response to Defendants' Motion for Judgment on
the Pleadings, Docket Entry No. 41, p. 1.

[23]Id. at 2.

## A.   Applicable Law

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by constitution and statute . . . which is not to be expanded by judicial decree. . . .  It is to be presumed that a cause lies outside this limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of America, 114 S.Ct. 1673, 1675 (1994).  In Kokkonen the Supreme Court held that a district court lacks the inherent power to enforce a settlement agreement when its final order does nothing more than dismiss the suit.  Id.  However, the Court held that when a lower court reserves its power to enforce a settlement, "a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." Id. at 1677.  See also Hospitality House, Inc. v. Gilbert, 298 F.3d 424, 430 (5th Cir. 2002) (recognizing that a court may make a settlement agreement part of its dismissal orders "either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order").

## B.   Analysis

The Order and Final Judgment entered in the Dynegy Securities Litigation contains a CJP, which provides that

> [w]ithout affecting this Order and Final Judgment's
> finality in any way, this Court hereby retains continuing
> jurisdiction over: (i) this Settlement's implementation
> and any award or distribution of the Settlement Fund,

including interest earned thereon; (ii) the Settlement Fund's disposition; (iii) all Parties for the purpose of construing, enforcing and administering the Stipulation and the releases contained therein; (iv) hearing and determining applications by Plaintiff's Counsel for attorneys' fees, costs, expenses, including expert fees and costs, and interest; (v) hearing and ruling on any proposed plan of distribution of settlement proceeds; and (vi) the Action until the Order and Final Judgment has become effective and each and every act agreed to be performed by the Parties has been performed under the Stipulation.[24]

Plaintiff's claims for fraud and malpractice are based on allegations that the documents mailed to him as part of the settlement were false and fraudulent because they (1) misled him to believe that his recovery would be closer to the amount of loss that he actually suffered than to the amount that he actually received from the settlement fund and (2) concealed the fact that the Regents received something of value that the other class members did not receive, i.e., the ability to nominate candidates to fill two seats on Dynegy's board of directors. Asserting that the notice documents prevented him from making a fully informed decision concerning his participation in the class, plaintiff argues that the settlement was unfair. Plaintiff argues that the claims for fraud and malpractice alleged in this action are not subject to the CJP included in the Order and Final Judgment entered in the Dynegy Securities Litigation because they are based on post-settlement events, i.e., plaintiff argues that "[t]he settlement

---

[24]Order and Final Judgment, Exhibit A attached to Defendants' Motion for Judgment on the Pleadings, Docket Entry No. 39, ¶ 14.

amount issue only went wrong after The Court had signed-off on the [settlement] Documents."[25]   In other words, plaintiff argues that the notice of settlement distributed to class members "intentionally misled [him] as to the amount receivable within the time frame necessary to break-away from the Class-Settlement and pursue an action in . . . [his] sole interest against Dynegy, Inc.,"[26] because it contained "no realistic disclosure . . . that restitution of the over $100,000 . . . [that he] actually lost . . . would result in the approximately $15,000 [that he] actually received."[27]

Plaintiff's claims that Lead Plaintiff and Lead Counsel in the Dynegy Securities Litigation sent out a deficient notice of proposed settlement to the class members and agreed to a settlement that was unfair require the presiding court to rule upon matters that this court has already ruled on in the Order and Final Judgment dated July 7, 2005,[28] i.e., the sufficiency of the notice of proposed settlement, the fairness of the settlement, and the sufficiency of the representation provided by Lead Plaintiff and Lead Counsel.   In the Order and Final Judgment entered in the

---

[25]Plaintiff's Response to Defendants' Motion for Judgment on the Pleadings, Docket Entry No. 41, p. 3.

[26]Complaint for Malpractice and Fraud in Violation of Federal Law, Docket Entry No. 1, p. 2.

[27]Id.

[28]See Order and Final Judgment, Exhibit A attached to Defendants' Motion for Judgment on the Pleadings, Docket Entry No. 39, ¶ 3.

Dynegy Securities Litigation this court found that "the Settlement set forth in the Stipulation is, in all respects, fair, just, reasonable and adequate to the Class and, therefore, finally approves the Settlement under Fed. R. Civ. P. 23,"[29] that "the Stipulation, Settlement, and Plan of Distribution are fair, just, reasonable and adequate to each and all Parties, and the Stipulation and Settlement are hereby finally approved in all respects,"[30] that

> [t]he Notice of Pendency and Settlement of Class Action, Hearing on Proposed Settlement and Attorneys' Fee Petition and Right to Share in Settlement Fund (the 'Notice') given to the Class was the best notice practicable under the circumstances, including the individual notice to all Class members who could be identified through reasonable effort, and said notice fully satisfied the requirements of Fed. R. Civ. P. 23 and the requirements of due process.[31]

Thus, if allowed to proceed in another forum, plaintiff's claims will undermine this court's authority over matters that were uniquely before it in the Dynegy Securities Litigation, i.e., the quality of the notice of proposed settlement provided to class members, the fairness of the settlement, the quality of the class representation, and that "during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Fed. R. Civ. P. 11."[32]

---

[29]Id.

[30]Id. at ¶ 6.

[31]Id. at ¶ 11.

[32]Id. at ¶ 15.

The court concludes that the CJP included in the Order and Final Judgment entered in the Dynegy Securities Litigation provides the court the power to adjudicate the fraud and legal malpractice claims that plaintiff has alleged in this action because, if allowed to proceed in another forum, plaintiff's claims would undermine the Order and Final Judgment that this court entered in the Dynegy Securities Litigation. Plaintiff's allegations that the notice documents prevented him from making a fully informed decision concerning his participation in the class and that the settlement reached was unfair because he received only $3.00 per share for his 5,000-share investment in Dynegy, fall squarely within the court's express retention of continuing jurisdiction over the "Settlement's implementation and any award or distribution of the Settlement Fund," "the Settlement Fund's disposition," and "all Parties for the purpose of construing, enforcing and administering the Stipulation and the releases contained therein."[33] By failing to opt out of the class action, plaintiff consented to have this court resolve matters involving the class action settlement over which the court retained continuing jurisdiction. See Kokkonen, 114 S.Ct. at 1676-77. See also In re VMS Ltd. Partnership Sec. Litig., 26 F.3d 50, 51 (7th Cir. 1994).

_____

[33]Id. at ¶ 14.

-12-

### III.  <u>Defendant's Motion to Dismiss</u>

Asserting that plaintiff's complaint is an impermissible collateral attack on this court's prior judgment in the Dynegy Securities Litigation, defendants seek judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).[34] Alternatively, defendants argue that plaintiff's complaint should be dismissed because it "does not comply with Federal Rule 9(b), which requires that fraud be alleged with particularity."[35]

### A.  Applicable Law

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See <u>Doe v. MySpace, Inc.</u>, 528 F.3d 413, 418 (5th Cir.), <u>cert. denied</u>, 129 S.Ct. 600 (2008).  Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted.  See <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1974 (2007).  A Rule 12(b)(6) motion to dismiss requires the court to accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  See <u>Doe</u>, 528 F.3d at 418.

---

[34]Defendants' Motion for Judgment on the Pleadings, Docket Entry No. 39, pp. 4-7.

[35]<u>Id.</u> at 7.

> When a federal court reviews the sufficiency of a
> complaint, before the reception of any evidence either by
> affidavit or admissions, its task is necessarily a
> limited one.  The issue is not whether a plaintiff will
> ultimately prevail but whether the claimant is entitled
> to offer evidence to support the claims.

Swierkiewicz v. Sorema N.A., 122 S.Ct. 992, 997 (2002) (quoting

Scheuer v. Rhodes, 94 S.Ct. 1683, 1686 (1974)).  A plaintiff must

allege "enough facts to state a claim to relief that is plausible

on its face."   Twombly, 127 S.Ct. at 1974.   In considering a

Rule 12(b)(6) motion to dismiss, a court must limit itself to the

contents of the pleadings, with two exceptions.   In Collins v.

Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000),

the Fifth Circuit approved the district court's consideration of

certain documents the defendant attached to a motion to dismiss.

The Fifth Circuit has "restricted such consideration to documents

that are referred to in the plaintiff's complaint and are central

to the plaintiff's claim."  Scanlan v. Tex. A & M Univ., 343 F.3d

533, 536 (5th Cir. 2003) (citing Collins, 224 F.3d at 498-99).

Courts may also refer to matters of public record when deciding a

Rule 12(b)(6) motion.  Norris v. Hearst Trust, 500 F.3d 454, 461

n.9 (5th Cir. 2007) (citing Cinel v. Connick, 15 F.3d 1338, 1343

n.6 (5th Cir.), cert. denied, 115 S.Ct. 189 (1994)).

     The claims for fraud asserted in plaintiff's complaint are

subject to the pleading requirements of Federal Rule of Civil

Procedure 9(b), which provides that "[i]n all averments of fraud or

mistake, the circumstances constituting fraud or mistake shall be

stated with particularity." Fed. R. Civ. P. 9(b).  Pleading fraud
with particularity in this circuit requires "[a]t a minimum . . .
the particulars of time, place and contents of the false
representations, as well as the identity of the person making the
misrepresentation and what [that person] obtained thereby."
Benchmark Electronics, Inc. v. J.M. Huber Corp., 343 F.3d 719, 724
(5th Cir.), modified on denial of rehearing on other grounds, 355
F.3d 356 (5th Cir. 2003) (quoting Tel-Phonic Services, Inc. v. TBS
International, Inc., 975 F.2d 1134, 1139 (5th Cir. 1992)).   "A
dismissal for failure to plead fraud with particularity as required
by Rule 9(b) is a dismissal on the pleadings for failure to state
a claim."  Southland Securities Corp. v. INSpire Ins. Solutions,
Inc., 365 F.3d 353, 361 (5th Cir. 2004) (citing Shushany v.
Allwaste, Inc., 992 F.2d 517, 520 (5th Cir. 1993)).

## B.   Analysis

Plaintiff's claims for malpractice and fraud are grounded on
allegations that the notice to class members failed to adequately
disclose (1) the insufficiency of the Settlement Fund to fully
compensate all claimants and (2) the corporate governance portions
of the proposed settlement agreement pursuant to which the Regents
received something of value that other members of the class did not
receive, i.e., the ability to nominate candidates to fill two seats
on Dynegy's board of directors.   Asserting that the court has
already held that "the notice 'was the best notice practicable

-15-

under the circumstances and [that] said notice fully satisfied the requirements of Fed. R. Civ. P. 23 and the requirements of due process,'"[36] that plaintiff received an opportunity to object to the settlement at the Settlement Hearing held on July 7, 2005, and that plaintiff not only failed to object to the settlement, but received the benefits of the settlement by applying for and accepting proceeds from the Settlement Fund,[37] defendants argue that plaintiff may not now complain that the settlement notice was inadequate.[38] The court agrees.

### 1.   Compensation to be Paid to Class Members

Plaintiff alleges that the notice of settlement distributed to class members "intentionally misled [him] as to the amount receivable within the time frame necessary to break-away from the Class-Settlement and pursue an action in . . . [his] sole interest against Dynegy, Inc,"[39] because it contained "no realistic disclosure . . . that restitution of the over $100,000 . . . [that

---

[36]Id. at 5.

[37]See Complaint for Malpractice and Fraud in Violation of Federal Law, Docket Entry No. 1, p. 2, and Proof of Claim and Release submitted by Charles Birks, Plaintiff's Exhibit 18 included in Docket Entry No. 9, and Exhibit B attached to Defendants' Motion for Judgment on the Pleadings, Docket Entry No. 39.

[38]Defendants' Motion for Judgment on the Pleadings, Docket Entry No. 39, p. 5.

[39]Complaint for Malpractice and Fraud in Violation of Federal Law, Docket Entry No. 1, p. 2.

he] actually lost . . . would result in the approximately $15,000 [that he] actually received."[40]   Plaintiff alleges that the defendants "should have known the Dollar amount of the 'claim-pool' of injured parties within the Class-Action would exceed the amount negotiated in recovery and would bear no resemblance to the amounts derived in the Proposed Settlement,"[41] but plaintiff fails to identify what language, if any, in the notice to class members of which he complains could reasonably have caused him to conclude that the settlement fund would be sufficiently large to fully compensate him -- or any other class member -- for the totality of his claim.

The settlement notice of which plaintiff complains did not state that the settlement fund would be large enough to compensate all claimants fully but, instead, that

> [t]he Settlement creates a fund in the amount of $473,000,000 in cash and stock (the "Settlement Fund") and will include interest that accrues on the fund before distribution. Based on Class Representative's counsel's ("Lead Counsel") estimate of the number of securities entitled to participate in the Settlement and the anticipated number of claims Settlement Class members are likely to submit, the average distribution per common share before deducting Court-approved fees and expenses would be approximately $3.80.[42]

---

[40]Id.

[41]Id.

[42]Notice of Pendency and Settlement of Class Action, Plaintiff's Exhibit 17 included in Docket Entry No. 9, p. 1, and Exhibit J attached to Defendants' Motion for Judgment on the Pleadings, Docket Entry No. 39, p. 2.

The notice also contained the following information about costs to
be paid by the Settlement Fund:

> Plaintiffs' Counsel have not received any payment for
> their services in prosecuting the Action on behalf of
> plaintiffs and the Class members, nor have they been
> reimbursed for their out-of-pocket expenditures.  If the
> Settlement is approved by the Court, Lead Counsel will
> apply to the Court for attorneys' fees not to exceed 9%
> of the Settlement Fund, and reimbursement of out-of-
> pocket expenses not to exceed $3.2 million (excluding the
> costs of providing notice to Class and the administration
> of the Settlement), to be paid from the Settlement Fund
> with applicable interest.  If the requested amount is
> approved by the Court, the average cost per common share
> would be approximately $0.39.  The average cost per
> security could vary depending on the number of securities
> for which claims are filed.[43]

The Explanation of Exhibits that plaintiff submitted to the
Southern District of West Virginia and which plaintiff cites in his
response to the pending motion for judgment on the pleadings states
that plaintiff sought compensation for approximately 5,000 shares
of Dynegy stock,[44] that the value of his claim recognized by the
claims administrator was $71,646.96,[45] and that he received
$15,000.00 for his claim from the Settlement Fund.[46]

Plaintiff has failed to allege any facts that, if true, show
that the notice of settlement provided to class members

---

[43]Id., Plaintiff's Exhibit 17 included in Docket Entry No. 9,
p. 2, and Exhibit J attached to Defendants' Motion for Judgment on
the Pleadings, Docket Entry No. 39, at 3-4.

[44]Explanation of Exhibits, Docket Entry No. 9, p. 3.

[45]Id. at 4 and 5-6.

[46]Id. at 6.

misrepresented that the Settlement Fund proposed for the Dynegy
Securities Litigation would be sufficiently large to compensate him
fully either for the $100,000.00 that plaintiff alleges he lost as
a result of his investment in Dynegy stock, or for the $71,646.96
that plaintiff alleges the claims administrator calculated to be
the value of his claim.    The notice provided to class members
clearly stated that "the average distribution per common share
before deducting Court-approved fees and expenses would be
approximately $3.80,"[47] and that the "the average cost per common
share would be approximately $0.39."[48]   Class members reading the
notice could reasonably have concluded that the average recovery
would be approximately $3.41 per share.    Plaintiff acknowledges
that he recovered approximately $3.00 per share for his
approximately 5,000-share investment.    Because plaintiff neither
cites any language contained in the notice of settlement provided
to class members nor alleges any facts that, if true, show that the
notice provided to class members misrepresented that the proposed
Settlement Fund would be sufficiently large to compensate him fully
either for the $100,000.00 that he alleges he lost as a result of

---

[47]Notice of Pendency and Settlement of Class Action,
Plaintiff's Exhibit 17 included in Docket Entry No. 9, p. 1, and
Exhibit J attached to Defendants' Motion for Judgment on the
Pleadings, Docket Entry No. 39, p. 2.

[48]Id., Plaintiff's Exhibit 17 included in Docket Entry No. 9,
p. 2, and Exhibit J attached to Defendants' Motion for Judgment on
the Pleadings, Docket Entry No. 39, at 4.

his investment in Dynegy stock or for the $71,646.00 that he alleges the claims administrator calculated to be the value of his claim, plaintiff has failed to allege facts pursuant to which defendants could be held liable for fraud and/or legal malpractice for misrepresenting the amount of money that plaintiff could reasonably have expected to recover from the Settlement Fund.

### 2. Corporate Governance Provision

Plaintiff alleges that

> settlement provisions of two Board Seats referred to on page 23 of the 125 page (website copy) Stipulation in Settlement of the suit as "Corporate Governance" was not published to the Class-Membership to consider at any time and would have been of significant importance to the Plaintiff when weighing either the agreeable Proposed Settlement or particulars of the Claim-Form.  The existence of that disparate, additional settlement, in the Plaintiff's opinion, IS INTENTIONALLY CONCEALED within the last paragraph of the Proposed Settlement as sent to the Class; wherein, that document is described as a "Notice" and not in full description of all the (multitudinous minutia) details of the remote Stipulation in Settlement.[49]

Plaintiff alleges that the provision of the proposed settlement agreement that allowed the Regents to control two seats on Dynegy's Board of Directors would have been of significant importance to him because this provision represents a "sweet-heart" deal that diminished the ability of the class members to receive "nearer-to-actual restitution" for their losses.[50]  Since this corporate

---

[49]Complaint for Malpractice and Fraud in Violation of Federal Law, Docket Entry No. 1, p.2.

[50]Id.

governance provision was not mentioned in the Notice of Pendency and Class Action Settlement provided to class members but, instead, stated only in the Stipulation and Agreement of Settlement, plaintiff argues that it was fraudulently concealed from class members.  Defendants argue that plaintiff's failure to take advantage of the opportunity provided by the Notice of Pendency and Class Action Settlement to examine the Stipulation and Agreement of Settlement and/or to raise objections at the fairness hearing held by the court preclude plaintiff from challenging the terms of the agreement in a separate proceeding.  The court agrees.

As plaintiff's allegations recognize, the provision of the settlement agreement about which he complains was not concealed from class members but, instead, was included in the Stipulation and Agreement of Settlement that was not sent to each class member but, instead, was made available by both the court and class counsel.  Despite the fact that the Notice of Pendency and Class Action Settlement provided to class members included a paragraph titled "Examination of Papers," that stated "[t]his Notice is a summary and does not describe all of the details of the Stipulation,"[51] and invited class members to inspect the Stipulation and Agreement of Settlement, with exhibits, at either the Office of

---

[51]Notice of Pendency and Settlement of Class Action, Plaintiff's Exhibit 17 included in Docket Entry No. 9, p. 12 ¶ XV, and Exhibit J attached to Defendants' Motion for Judgment on the Pleadings, Docket Entry No. 39, p. 32 ¶ XV.

the Clerk of the Court in Houston, Texas, or online at
www.gilardi.com,[52] and included a paragraph titled "The Right to be
Heard at the Hearing" that informed class members of their ability
to opt out of the class, file objections, and appear at the
fairness hearing,[53] plaintiff failed to opt out of the class, file
objections, or participate in the fairness hearing.  Although
plaintiff argues that defendants' failure to include the corporate
governance provision in the Notice of Pendency and Class Action
Settlement provided to class members resulted in an unfair
settlement agreement because

> otherwise unrepresented Class-Members [should not] be
> expected to driv[e] to Houston to view the unsent
> Stipulation or be[] forced to accept the free proprietary
> software for a computer they may not have access to . . .
> [because] the Claims Administrator for the Settlement
> . . . website only provided access to documents
> (including the Stipulation) via .PDF format using Adobe
> Acrobat Reader software,[54]

plaintiff neither alleges nor argues that he was unable to access
the Stipulation and Agreement of Settlement in a timely fashion.

Because plaintiff neither cites any language contained in the
notice of settlement provided to class members nor alleges any

---

[52]Id., Plaintiff's Exhibit 17 included in Docket Entry No. 9,
p. 12 ¶ XV, and Exhibit J attached to Defendants' Motion for
Judgment on the Pleadings, Docket Entry No. 39, at 32 ¶ XV.

[53]Id., Plaintiff's Exhibit 17 included in Docket Entry No. 9,
pp. 11-12 ¶ XIII, and Exhibit J attached to Defendants' Motion for
Judgment on the Pleadings, Docket Entry No. 39, at 30 ¶ XIII.

[54]Plaintiff's Response to Defendant's Motion for Judgment on
the Pleadings, Docket Entry No. 41, p. 6.

facts that, if true, would show that the notice of settlement provided to class members concealed the corporate governance provision of which he complains, plaintiff has failed to allege facts that would allow the defendants to be held liable for fraud and/or malpractice for misrepresenting the terms of the agreement pursuant to which this court approved settlement of the Dynegy Securities Litigation.

### IV.  <u>Conclusions and Order</u>

For the reasons explained above, the court concludes that plaintiff's complaint fails to allege any facts that, if true, are capable of showing that defendants engaged in any conduct that constituted malpractice and/or fraud in settling the Dynegy Securities Litigation.  Accordingly,  Defendants' Motion for Judgment on the Pleadings (Docket Entry No. 39) is **GRANTED**.

**SIGNED** at Houston, Texas, on this 12th day of February, 2009.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE